IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FARMERS INSURANCE )
COMPANY, INC., a foreign )
insurance company, )
    )
            Plaintiff, ) Case No. _____
    )
vs. ) 04CV 684C (M)
    )
ANDREW DOWNING )
    )
            Defendant. )
    )
    )

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Farmers Insurance Company, Inc. ("FICO"), for its Complaint for Declaratory Relief against Defendant, Andrew Downing ("Downing"), alleges upon information and belief as follows:

### THE NATURE OF THIS ACTION

1. This insurance coverage and declaratory judgment litigation arises out of Downing's claim under a homeowner's insurance policy issued by FICO. Downing claims he discovered water damage to his home on the evening of February 12, 2003.

2. On or about February 17, 2003, Downing filed a claim under the policy with FICO for the damage to his home. Downing's claim totals $276,500.00

3. FICO and Downing disagree on the terms of the insurance policy

1

applicable to Downing's claim. The disagreement arises because Downing claims he did not receive an offer of renewal of his policy in February 2002 which included a new endorsement, as described below.

4. FICO and Downing further disagree on whether either version of Downing's insurance policy provides coverage to Downing for the claimed losses. Downing's original homeowner's insurance policy, purchased on or about April 20, 2001, contained an endorsement denominated as the H6104 (1st ed.) ("First Edition endorsement").

5. On or about February 28, 2002, FICO sent Downing an offer of renewal of his homeowner's policy for the period April 20, 2002, through April 20, 2003. Included in that offer of renewal was an endorsement denominated as the H6104 (2d ed.) ("Second Edition endorsement"). Downing's mortgagee timely paid the annual premium specified in the offer of renewal. The insurance policy in effect for the period covering the loss contained the Second Edition endorsement. Downing claims that he never received the Second Edition endorsement with his offer of renewal. Downing therefore contends that the Second Edition endorsement is not a term of his insurance contract.

6. FICO contends that both insurance policies, regardless of whether the policy includes the First Edition endorsement or the Second Edition endorsement, exclude coverage for losses consisting of, or caused directly or indirectly by mold.

7. In this action, FICO respectfully requests a judicial determination:

(1) That the insurance policy applicable to Downing's claim is the contract as constituted upon Downing's acceptance of the February 28, 2002, offer of renewal, including the Second Edition endorsement; and

(2) That Downing's claim for loss consisting of, or caused directly or indirectly by mold is excluded from coverage under either insurance policy, regardless of how the Court rules on the foregoing request to determine the applicable policy.

### JURISDICTION AND VENUE

8. FICO brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

10. There is complete diversity of citizenship between FICO and Downing.

11. Venue in this District is proper under 28 U.S.C. § 1391(a)(2), (3) and (c).

12. An actual case and controversy of a justiciable nature exists between the parties, involving the rights and obligations of the parties under a homeowner's insurance policy issued by FICO.

13. Therefore, FICO is entitled to bring the instant declaratory relief

action in this Court.

## THE PARTIES

14. FICO is a Kansas corporation with its principal place of business in a state other than Oklahoma. FICO is licensed and authorized to do business in the State of Oklahoma.

15. Upon information and belief, at all relevant times, Andrew Downing was and is a resident of Tulsa County, Oklahoma, located within the Northern District of Oklahoma.

## THE UNDERLYING CLAIM

16. This declaratory judgment action arises out of a claim for loss made by Downing under a homeowner's insurance policy issued by FICO. Downing claims he discovered water damage to his home on the evening of February 12, 2003, and subsequently discovered mold.

17. FICO paid $6,199.19 (not including recoverable depreciation of $628.29) to Downing on March 19, 2003, which Downing returned to FICO by letter dated April 4, 2003. On May 22, 2003, FICO again sent Downing a claims payment of $6,199.19 for his alleged water damage, but Downing never negotiated the check.

## THE FICO INSURANCE POLICY AND COVERAGE POSITION

18. FICO repeats and realleges the foregoing paragraphs as if fully set forth herein.

19. FICO issued a homeowner's insurance policy to Downing, Policy No.

4

0920587241, for the period April 20, 2002 to April 20, 2003.

20. Downing's insurance policy excludes coverage for losses consisting of, or caused directly or indirectly by mold.

21. Downing's insurance policy is subject to all of its terms, conditions, provisions and exclusions, which are fully incorporated herein by reference.

22. Based upon (a) the law and (b) the terms, conditions, provisions and exclusions of Downing's insurance policy, Downing's alleged mold loss was not covered under the homeowner's insurance policy at issue. FICO is therefore entitled to a judicial declaration relieving it of any coverage obligation to Downing for losses consisting of, or caused directly or indirectly by mold.

### First Cause Of Action

23. FICO repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

24. FICO is entitled to a declaration that Downing's insurance policy containing the Second Edition endorsement applies to this coverage dispute because:

   a. Downing's policy is clear and unambiguous as to how notice is to be provided to an insured of a change in coverage.

   b. Downing's policy required only that notice of a coverage change be mailed to the address shown on the Declarations 30 days before the effective date of any change in coverage. Actual receipt of this notice by the insured is not required nor relevant to this inquiry.

5

  c. Proof of mailing can be shown by adherence to customary and usual practices for computer-generated mailings.

  d. FICO followed its customary and usual mailing practices with respect to notice of a coverage change to Downing.

  e. The offer of renewal, which included the Second Edition endorsement, was mailed to Downing's address, as shown on the Declarations, more than 30 days prior to the effective date of the Second Edition endorsement.

### SECOND CAUSE OF ACTION

25. FICO repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. FICO is entitled to a declaration that it has no coverage obligation under Downing's insurance policy to cover losses consisting of, or caused directly or indirectly by mold for the following reasons:

  a. Downing is not entitled to any insurance coverage under the FICO insurance policy for losses consisting of, or caused directly or indirectly by mold, because any and all claims related to or arising out of the claimed loss are barred or otherwise not covered under the terms, provisions, conditions, exclusions and/or limitations of the FICO insurance policy.

  b. Downing is not entitled to any insurance coverage under the FICO insurance policy because the claims at issue do not fall within the

insuring agreement or the coverage afforded by the FICO insurance policy.

c. Downing is not entitled to insurance coverage under the FICO insurance policy to the extent that Downing has breached any conditions precedent to insurance coverage, including the condition that, under the FICO insurance policy, Downing has an obligation to cooperate in FICO's pursuit of any potential subrogation claims.

d. Downing is not entitled to insurance coverage under the FICO insurance policy to the extent Downing has failed to mitigate his claim.

27. FICO's grounds for asserting that there is no coverage under the FICO insurance policy are based upon the facts that are available to FICO at this time. FICO reserves its right to raise any additional defenses and grounds for disclaiming coverage in the future should FICO determine such defenses and grounds to exist.

28. Based upon the foregoing, FICO is entitled to a judicial declaration that it has no coverage obligation under the FICO insurance policy with respect to any and all claims arising out of or related to Downing's alleged loss for mold.

**WHEREFORE**, FICO prays for judgment:

1. With respect to the First Cause of Action,

2. With respect to the Second Cause of Action, declaring that FICO owes no coverage obligation to Downing for the claimed loss.

3.      Awarding FICO its attorneys' fees, costs, and disbursements incurred in this action; and

4.      Awarding FICO such other and further relief as the Court may deem just and proper.

Dated:  September 7, 2004                        Respectfully submitted,

*[signature]*

John D. Russell, OBA No. 13343
Charles R. Willing, OBA No. 15873
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
321 S. Boston Avenue, Suite 800
Tulsa, Oklahoma 74103-3811
Telephone: (918) 599-0621
Facsimile: (918) 583-9659

**ATTORNEYS FOR PLAINTIFF
FARMERS INSURANCE COMPANY, INC.**

276857.3